Mr. Justice Wylie
delivered the opinion of the court:
Complainant was a member of the Fifth-Ward Building Association, and had obtained certain advances on his shares, to secure which he gave a deed of trust upon real estate situate in this city. Having defaulted in paying his monthly dues, fines were imposed at the rate of ten per ceut. per month on the accumulating monthly defaults, until at last the association made an attempt to have his property sold to pay these fines. The account between the parties shows that, exclusive of the fines, Mulioy owed the society nothing. An injunction was obtained to stay a sale of the property till final hearing, and the sole question in the court below was, and now is in this court, whether chancery in snch a case will interpose to prohibit the collection of those penalties.
We have held in other cases that when a member of a building association obtains mouey on a pledge of his shares, agreeing to pay legal interest for its use, and besides to pay into the treasury of the association two dollars a month on each of his shares until the whole nominal value of the shares has been paid up, this is a lawful contract and not usurious, and we adhere to that opinion in thepresent case.
Bat these fines are another matter altogether. They are penalties at the rate of 120 per cent, per annum for default in paying certain monthly dues to the association. These dues compose a debt which by fair .contract the member agrees to pay at stated times into the treasury of the society. If he pay them, a debt is paid, and it is satisfied. Beyond this the association has no claim upon him. Bat if he fail to pay at the time, his default is followed by this most oppressive penalty. We perceive nothing in the character of these associations to relieve them from the doctrine of equity which we apply to other cases of penalty for the non-payment of money, which is to prohibit its enforcement upon condition that the primary debt be paid with interest.
Hothiug is better settled than that whenever the injury inflicted by a breach of contract is susceptible of being compensated, equity will restrain the injured party from recovering more thau a fair compensation, and will prevent him from exacting or enforcing a penalty or forfeiture legally *598 incurred by the opposite payment of a debt. 3 Lead. Ca. in Equity, 923, and cases cited.
It is true, indeed, that these fines, -which are provided for in the articles of building associations, have been fruitful sources of profit, and that the members of the association who remain such to the end will all share in the profits. But that is not an answer which will satisfy the oppressed member at the time, or lighten the load he. is called upon to bear. If all the members owned the like number of shares, and all obtained the same amount of advances, and all were to make default together and then pay their several fines simultaneously, the prosperity of such association by these means would bring it speedily to a winding up and a common division of the profits, when each man would find his penalties returned to him, slightly diminished perhaps by expenses. Bat these circumstances are not likely to occur in the history of any of these societies.
The shares held by the members respectively are unequal. Some of the members obtain advances, others do not. Some, through misfortune in business, or sickness, or other causes, are unable to make their monthly payments$ and it so happens that, at the winding up, those members who have asked for no advances, met with no misfortunes, and have incurred no penalties, gather most of the profits derived from the fines collected from their less fortunate brethren.
The advantages are for the strong; the losses fall upon the weak. This, however, is only the experience of mankind in every department of life. But it often becomes the duty of courts to check the power of the former aud to protect the latter even from the consequences of their own voluntary contracts.
Cartier, Ch. J., and MacArthur, J., concurred. Humphreys, J., concurred in the judgment, but was of the opinion'that the contract was usurious.